## Tayntor's Estate.

*Wills—Codicils—Residuary legatees—Legatees named in codicil but not in will.*

Testatrix having named Dr. H. as one of the legatees in her will and after his death having substituted his widow, by codicil, to take the legacy originally made to him, the widow is entitled to share in the residuary estate designated for distribution "to the legatees" in the will.

Exceptions to adjudication. O. C. Phila. Co., July T., 1921, No. 479.

*John S. Freeman,* for exceptant.

THOMPSON, J., Dec. 2, 1921.—Testatrix by her will gave, *inter alia,* various personal pecuniary legacies and made no disposition of her residuary estate, if any. By her first codicil she directed that if her estate was not sufficient to meet in full all the personal pecuniary legacies therein bequeathed, there should be an abatement in manner as set forth in the codicil, and then further provided as follows:

Tayntor's Estate.

"But if there be an excess over and above the amount required to pay all in full, I give and bequeath it, with all the rest, residue and remainder of my estate, unto all of such legatees named in my said will, share and share alike, and except so far as it is hereby altered."

Testatrix made six subsequent codicils to her will, in three of which she increased, in one of which she cut down, and in one of which she revoked legacies to certain legatees named in the will, and in the fourth codicil she substituted Mrs. Hall for her husband, Dr. Hall, who had died, said codicil being as follows:

". . . In my will I made a bequest to Dr. L. Brewer Hall that if he be living at the time of my death the sum of one hundred dollars. Since then Dr. Hall has died. I request the said one hundred dollars be given to the widow of Dr. Hall, Anna C. Hall, 214 Dickinson Ave., Swarthmore, Pa."

It will thus be seen that the only person named in the codicils and not named in the will is Mrs. Hall, so that the question arises, there being more than sufficient in testatrix's estate to pay in full all personal pecuniary legacies in both will and codicils, as to what disposition should be made of the residuary estate. Should it be distributed in accordance with the first codicil to those legatees named in the will, or should Mrs. Hall, named in the fourth codicil, be entitled to participate therein? The auditing judge, on the authority of Cummings's Estate, 1 Dist. R. 485, held that the testatrix's residuary estate should be distributed to the pecuniary legatees named in the will and to Mrs. Hall, named in the fourth codicil, to which exceptions have been filed.

In a very carefully considered case, Alsop's Appeal, 9 Pa. 374, it was held that, though a will and the codicils form but one testament, and speak from the date of the last codicil, yet they constitute distinct instruments, and a bequest of the residue by the will "to the legatees" will be confined to such legatees as are therein named, and to such legatees as are substituted by codicil for some of them. Upon the authority of the last mentioned case, we are of opinion that the auditing judge was correct in his findings, and that Mrs. Hall should participate with those personal pecuniary legatees named in the will in the distribution of testatrix's residuary estate, and the exceptions filed to said adjudication are, therefore, dismissed and the adjudication is confirmed absolutely.